UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 8:23-bk-02429-CPM |
| | Chapter 7 (Involuntary) |
| JAMIE JOHN WORDEN, | |
| Debtor. _____/ | |

**WORDEN'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO INVOLUNTARY PETITION**

Jamie John Worden ("**Worden**"), by counsel, pursuant to section 303 of the Bankruptcy Code[1] and Bankruptcy Rule 1011(b), and in the alternative to his motion to dismiss the involuntary petition, files this answer to the allegations contained in the involuntary petition (the "**Petition**")[2] filed against Worden under chapter 7 of the Bankruptcy Code by Dan Shalhoub ("**Shalhoub**"), Stanley Fleischer ("**Fleischer**"), and Mark P. Siegel ("**Sigel**" and, together with Shalhoub and Fleischer, the "**Petitioning Creditors**"), on June 13, 2023 (the "**Petition Date**"). Worden also asserts a number of affirmative defenses. In response to the allegations set forth in the Petition, Worden states as follows:

**Answer**

1.     Worden denies the allegation that the Petitioning Creditors are eligible creditors to file the Petition pursuant to section 303(b) of the Bankruptcy Code because each of their claims is in bona fide dispute.

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* All references to a "Bankruptcy Rule" or "Bankruptcy Rules" are to the applicable to the Federal Rules of Bankruptcy Procedure
[2] Doc. No 1.

2. Worden admits that he is a person against whom an order for relief may be entered under the Bankruptcy Code but denies any basis for the entry of an order for relief against him.

3. Worden denies the allegation that, as of the Petition Date, he was generally not paying his undisputed debts as they became due.

**Factual Allegations in Support of Affirmative Defenses**

4. In August 2021, each of the Petitioning Creditors initiated FINRA arbitration proceedings against Worden and other respondents, specifically Worden Capital Management, LLC, Franz H. Lambert, Laidlaw & Company Ltd., and Philip M. Connors, which were assigned by FINRA Case Nos. 21-02184 and 02356. Generally, the Petitioning Creditors alleged claims for churning, quantitative unsuitability, violations of FINRA Rule 2111 and Section 17(a) of the Securities ACT of 1933, Section 10(b) of the Securities ACT of 1934 and Rule 10(b)-5, failure to supervise and negligent supervision, breach of fiduciary contract and implied covenant of good faith and fair dealing, negligent misrepresentation and omissions, and violation of standards of commercial honor and principles of trade, excessive trading and unsuitability.

5. Each of the Petitioning Creditors obtained a FINRA arbitration award against Worden and other respondents, specifically Worden Capital Management, LLC, Franz H. Lambert, Laidlaw & Company Ltd., and Philip M. Connors. The arbitration awards did not allocate the damages awarded among the various claims alleged by the Petitioning Creditors, nor were the damages allocated among the respondents.

6. On June 28, 2023, Shalhoub obtained a judgment from the Supreme Court of the State of New York, Nassau County, confirming his arbitration award.

7. The arbitration awards of Fleischer and Siegel have not been confirmed.

8. It is unclear whether the Petitioning Creditors have attempted to make or have made recoveries from any of the other respondents.

9. On May 18, 2022, the Petitioning Creditors initiated a second FINRA arbitration against AXOS Clearing, LLC, which has been assigned Case No. 22-01082 (the "**AXOS Arbitration**"). Worden and the other respondents have been joined by AXOS as third party respondents. The claims in the AXOS Arbitration substantially overlap with the claims that were asserted against Worden in the initial arbitrations.

10. Worden is current on all recurring and undisputed obligations to his creditors. He timely pays his American Express statement and utilities each month.

### First Affirmative Defense

11. The Petitioning Creditors failed to state a claim for which relief can be granted.

### Second Affirmative Defense

12. The Petitioning Creditors each lack standing, because their claims are in bona fide dispute by virtue of impermissible claim splitting.

### Third Affirmative Defense

13. The Court should not enter an order for relief against Worden because he is generally paying his undisputed debts as such debts come due.

### Fourth Affirmative Defense

14. The Petitioning Creditors filed the Petition in bad faith with an improper motive and for an improper purpose. As such, the Petition should be dismissed as a bad faith filing, and Worden is entitled to the entry of a judgment against each of the Petitioning Creditors awarding attorney's fees and costs.

15. Worden reserves the right to amend this answer to assert additional affirmative defenses.

WHEREFORE, Worden respectfully requests that this Court enter an order (i) dismissing this involuntary chapter 7 case, (ii) awarding compensatory damages, punitive damages, and attorney's fees and costs under section 303(i) of the Bankruptcy Code against each of the Petitioning Creditors, jointly and severally, and (iii) granting such other and further relief as the Court deems appropriate.

Dated: Tampa, Florida
       July 10, 2023

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida  33601-3913
(813) 224-9255 (telephone)
(813) 223-9620 (fax)
Counsel for Jamie John Worden

By: */s/ Kathleen L. DiSanto*
     Kathleen L. DiSanto
     Florida Bar No. 58512
     kdisanto@bushross.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2023, I electronically filed a true and correct copy of the foregoing *Worden's Answer and Affirmative Defenses to Involuntary Petition* with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system, and I furnished a copy of the foregoing document(s) to the following parties in the manner of service indicated below:

                                                    */s/ Kathleen L. DiSanto*
                                                        ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

United States Trustee
Christopher D. Smith, Sr.
All parties who receive electronic service via the CM/ECF system