UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                              Case No.: 8:23-bk-02429-CPM
                                                                    Chapter 7 (Involuntary)
JAMIE JOHN WORDEN,

      Debtor.
_____/

**WORDEN'S MOTION TO DISMISS
INVOLUNTARY CHAPTER 7 PETITION OR, ALTERNATIVELY
FOR ABSTENTION OR CONVERSION TO CHAPTER 11, SUBCHAPTER V**

Jamie John Worden ("**Worden**"), by counsel, pursuant to section 303 of the Bankruptcy Code[1] and Bankruptcy Rule 1011(b), files this motion (the "Motion") seeking the entry of an order dismissing the involuntary petition (the "**Petition**")[2] filed against Worden under chapter 7 of the Bankruptcy Code by Dan Shalhoub ("**Shalhoub**"), Stanley Fleischer ("**Fleischer**"), and Mark P. Siegel ("**Sigel**" and, together with Shalhoub and Fleischer, the "**Petitioning Creditors**"), on June 13, 2023 (the "**Petition Date**"). Worden also seeks an award of sanctions under section 303(i) against each of the Petitioning Creditors, jointly and severally, and requests that, pursuant to section 303(e), the Petitioning Creditors be required to file a bond to indemnify Worden for any amount which may be awarded by the Court. Alternatively, Worden seeks dismissal or abstention of the involuntary case under section 305 of the Bankruptcy Code or for conversion of the case to Chapter 11, Subchapter V. In support of the relief requested by the Motion, Worden states as follows:

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. All references to a "Bankruptcy Rule" or "Bankruptcy Rules" are to the applicable to the Federal Rules of Bankruptcy Procedure
[2] Doc. No 1.

**Introduction**

1. The Petitioning Creditors have invoked involuntary bankruptcy as an improper collection remedy. The involuntary Petition should be dismissed because (i) the Petitioning Creditors' claims are in bona fide dispute as a result of impermissible claims splitting, rendering them ineligible to file the Petition pursuant to section 303(b) of the Bankruptcy Code, (ii) Worden is generally paying his undisputed debts as such debt become due, and (iii) the Petition was filed in bad faith.

2. Alternatively, the Court should abstain, as these disputes can be adequately resolved through the FINRA arbitration process and state court confirmation and collection process. Indeed, petitioning creditor Shalhoub has continued to proceed on two tracks, obtaining confirmation of his FINRA award after the filing of the Petition.

3. To the extent that the Court does not dismiss the involuntary Petition or abstain, Worden requests that his case be converted to Chapter 11, Subchapter V. Worden meets the eligibility requirements for Subchapter V, as he is and was, as of the Petition Date, engaged in commercial and business activities, and has noncontingent, liquidated debts of less than $7,500,000.00, of which at least 50 percent arose from his commercial or business activities.

**Factual Background**

4. In August 2021, each of the Petitioning Creditors initiated FINRA arbitration proceedings against Worden and other respondents, specifically Worden Capital Management, LLC, Franz H. Lambert, Laidlaw & Company Ltd., and Philip M. Connors, which were assigned by FINRA Case Nos. 21-02184 and 21-02356. Generally, the Petitioning Creditors alleged claims for churning, quantitative unsuitability, violations of FINRA Rule 2111 and Section 17(a) of the Securities ACT of 1933, Section 10(b) of the Securities ACT of 1934 and Rule 10(b)-5, failure to supervise and negligent supervision, breach of fiduciary contract and implied covenant of good

faith and fair dealing, negligent misrepresentation and omissions, and violation of standards of commercial honor and principles of trade, excessive trading and unsuitability.

5. Each of the Petitioning Creditors obtained a FINRA arbitration award against Worden and other respondents, specifically Worden Capital Management, LLC, Franz H. Lambert, Laidlaw & Company Ltd., and Philip M. Connors. The arbitration awards did not allocate the damages awarded among the various claims alleged by the Petitioning Creditors, nor were the damages allocated among the respondents.

6. On June 28, 2023, Shalhoub obtained a judgment from the Supreme Court of the State of New York, Nassau County, confirming his arbitration award.

7. The arbitration awards of Fleischer and Siegel have not been confirmed.

8. It is unclear whether the Petitioning Creditors have attempted to make or have made recoveries from any of the other respondents.

9. On May 18, 2022, the Petitioning Creditors initiated a second FINRA arbitration against AXOS Clearing, LLC, which has been assigned Case No. 22-01082 (the "**AXOS Arbitration**"). Worden and the other respondents have been joined by AXOS as third party respondents. The claims in the AXOS Arbitration substantially overlap with the claims that were asserted against Worden in the initial arbitrations.

10. Worden is current on all recurring and undisputed obligations to his creditors. He timely pays his American Express statement and utilities each month.

11. On June 13, 2023, the Petitioning Creditors filed the involuntary Petition.

## **Relief Requested**

12. Worden seeks the entry of an order dismissing this involuntary Petition due to a lack of standing, as the Petitioning Creditors' claims are in bona fide dispute and because Worden is generally paying his undisputed debts as such debts come due. The Petitioning Creditors have invoked this Court's jurisdiction in bad faith, and Worden is entitled to an award of compensatory damages, punitive damages, and attorney's fees and costs under section 303(i) of the Bankruptcy Code. Worden also seeks to require the Petitioning Creditors to obtain a bond pursuant to section 303(e) to indemnify Worden for any amount which may be awarded by the Court.

**Memorandum of Law in Support of Relief Requested**

13. The Petitioning Creditors have the burden of proof to establish each of the elements under section 303 of the Bankruptcy Code by a preponderance of the evidence.[3] Specifically, the Petitioning Creditors must establish that the alleged debtor is eligible for relief under Chapter 7 or 11 under section 303(a).[4] The Petitioning Creditors must also satisfy the requirements of section 303(b) by a preponderance of the evidence that the Petitioning Creditors' claims are not the subject of a bona fide dispute as to liability or amount.[5] Under section 303(h), the Petitioning Creditors must also prove that the putative debtor is not generally paying his undisputed debts as they come due.[6]

14. There is no dispute that Worden is eligible to be a debtor under Chapter 7 or Chapter 11 of the Bankruptcy Code based on the requirements set forth in section 109. However, the Petitioning Creditors' claims are in bona fide dispute, as they have engaged in impermissible claim splitting by virtue of the claims asserted in the AXOS Arbitration. Moreover, the Petition should

---

[3] *In re Green Hills Dev. Co., LLC*, 445 B.R. 647, 654 (Bankr. S. D. Miss. 2011).
[4] *Id.*
[5] *Id.*; see also *Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp.*, 986 F.2d 709, 715 (4th Cir. 1993).
[6] *Id.*

be dismissed on the merits because Worden is generally paying his undisputed debts as they come due.

15. The alleged debtor bears the burden of rebutting the presumption that the petitioning creditor acted in good faith.[7] However, a petitioning creditor's bad faith in filing an involuntary petition may provide independent grounds for dismissal of the case, in addition to supporting an award of sanctions.[8] Pursuant to section 303(i), unless this case is dismissed by consent, the Court may award Worden costs, reasonable attorney's fees, and any damages proximately caused by the filing of the involuntary petition, and/or punitive damages.

16. Alternatively, the Court may also dismiss or abstain from the involuntary case under section 305 of the Bankruptcy Code. The determination of whether dismissal or abstention is made on a case-by-case basis.[9] Courts typically consider (i) the motivation of the parties seeking relief under the Bankruptcy Code, (ii) whether another forum is available to protect the interest of both parties or the existence of a pending proceeding another court, (iii) the economy and efficiency in administration, and (iv) the prejudice to the parties in assessing whether the interests of creditors and the debtor will be served by dismissal or suspension under section 305.[10] As the facts of this case satisfy each of the four factors above, to the extent that the Court does not dismiss this case under section 303 of the Bankruptcy Code, Worden urges the Court to dismiss or abstain from this case under section 305.

---

[7] *In re Forever Green Athletic Fields, Inc.*, 500 B.R. 413, 426 (Bankr. E.D. Pa. 2013); *In re Tichy Elec. Co. Inc.*, 332 B.R. 364, 371 (Bankr. N.D. Iowa) (citing *In re Rimmell*, 946 F.2d 1363, 1364 (8th Cir. 1991)).
[8] *In re Forever Green Athletic Fields, Inc.*, 500 B.R. at 426.
[9] *In re ELRS Loss Mitigation, LLC*, 325 B.R. 604, 634 (Bankr. N.D. Okla. 2005) (citing *In re Spade*, 258 B.R. 221, 231 (Bankr. D. Colo. 2001)).
[10] *Id.*

**(i) The Petitioning Creditors lack standing, and each of their claims are in bona fide dispute.**

17. The Petitioning Creditors lack standing to file the involuntary Petition because their claims are in bona fide dispute as a result of claims splitting.

18. It is axiomatic that a plaintiff is required to assert all of its causes of action arising from a common set of facts in one lawsuit.[11] Florida law embraces the prohibition against claims-splitting and recognizes as a general rule that "all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all."[12]

19. This approach prevents the wasting of judicial resources and allows for efficient management and disposition of cases. Essentially, prohibition against claim splitting is an aspect the doctrine of res judicata and "ensures that a plaintiff may not 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.'"[13]

20. The Petitioning Creditors pursued their respective claims against Worden through FINRA Case Nos. Case Nos. 21-02184 and 21-02356 and obtained arbitration awards resolving those claims. The Petitioning Creditors should not be permitted to take a second bite at the apple and recast their claims against Worden through the AXOS Arbitration, in which he has now been named as a third party respondent.

---

[11] *Gaynon v. Statum*, 10 So. 2d 432, 433-34 (Fla. 1942), *superseded by statute on other grounds as stated in, Goldman v. Kent Cleaners & Laundry, Inc.*, 110 So. 2d 50, 51-52 (Fla. 3d DCA 1959); *see also Vanover v. NCO Fin. Servs., Inc.*, 2017 WL 2129557, at *5 (11th Cir. May 17, 2017) (recognizing the same principle under federal law).

[12] *Gaynon*, 10 So. 2d at 433-34; *see also Bryant v. Allstate Ins. Co.*, 584 So. 2d 194 (Fla. 5th DCA 1991) (all damages sustained by a party as a result of a single wrongful act are lost if not claimed or recovered in one action).

[13] *Greene v. H&R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (quoting *Stark v. Starr*, 94 U.S. 477, 485 (1876)).

**(ii) The involuntary Petition should also be dismissed on the merits because Worden is generally paying his undisputed debts as they come due.**

21. Under section 303(h) of the Bankruptcy Code, a petitioning creditor must first show that the debtor was generally not paying its debts as they became due as of the date upon which the petition for relief was filed.[14] Courts typically conduct a multifactor analysis to determine whether a debtor is generally not paying its debts as they become due, and courts have embraced a broad definition rather than a mechanical test.[15] The "generally not paying its debts" test is not intended to be treated as a balance sheet or equity insolvency test.[16] Rather, courts evaluate the amount of debts not being paid, number of creditors not being paid, the materiality of the non-payments, and the debtor's overall conduct with respect to financial affairs.[17]

22. Second, the petitioning creditor must also show that any debt that the debtor has generally not been paying its debt is not subject to a bona fide dispute as to liability or amount.[18] Worden pays his monthly bills and expenses as they come due, including amounts owed for utilities and credit card payments, and amounts owed to professionals. Accordingly, Worden is paying the majority of his debts as the come due, and the Petition should be dismissed on the merits under section 303(h) of the Bankruptcy Code.

**(iii) The Petition was filed in bad faith.**

23. Dismissal of the case is appropriate because the Petition was filed in bad. The jurisdiction of a bankruptcy court may not be invoked in bad faith, and there must be a legitimate

---

[14] *Green Hills Dev. Co., LLC*, 445 B.R. at 657.
[15] *Id.*
[16] *Id.* (citing 2 Collier on Bankruptcy ¶ 303.31, p. 303-93 (Alan N. Resnick & Henry J. Somme reds., 16th ed.)).
[17] Id. at 657 (citing In re Smith, 415 B.R. 222 (Bankr. N.D. Tex. 2009); In re Moss, 249 B.R. 411 (Bankr. N.D. Tex. 2000)).
[18] *Id.* at 660.

bankruptcy purpose for seeking relief under the Bankruptcy Code.[19] The proper purpose of a chapter 7 proceeding is to marshal a debtor's assets in order to achieve a greater pro rata distribution among a debtor's various unsecured creditors than what would be otherwise available outside of the bankruptcy process.[20]

24. As recognized by the Third Circuit, "a petition must do more than merely invoke some distributional mechanism in the Bankruptcy Code. It must seek to create or preserve some value that would otherwise be lost…"[21] The bankruptcy process is not intended to be a substitute for standard collection procedures.[22]

25. Courts have applied a variety of tests to evaluate whether an involuntary petition was filed in bad faith. The Second and Eleventh Circuits have both applied various tests to analyze whether a petition was filed in bad faith including the improper use inquiry, the improper purpose inquiry, and the Rule 9011 inquiry.[23] Regardless of what test the Court applies, the Petitioning Creditors filed the Petition in bad faith under any of the approaches.

26. Under the "improper purpose test," bad faith exists where the filing of the petition was motivated by ill will, malice, or with the purpose of causing embarrassment to or harassing the debtor.[24] Likewise, the use of an involuntary bankruptcy filing as a substitute for collection actions rises to the level of bad faith under the "improper use test."[25] Applying the Rule 9011 inquiry to analyze bad faith, courts make an objective inquiry into the facts and the law and determine whether there is legal justification of the claim of defense, in addition to

---

[19] *Forever Green Athletic Fields, Inc.*, 500 B.R. at 425 (citing *NMSBPCSLDHB v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.)*, 384 F.3d 108, 127 (3d Cir. 2004)).
[20] *Id.*
[21] *Integrated Telecom*, 384 F.3d at 129.
[22] *Forever Green Athletic Fields, Inc.*, 500 B.R. at 428.
[23] *See Lubow Machine Co. v. Bayshore Wire Prods. Corp. (In re Bayshore Wire Prods., Corp.)*, 209 F.3d 100 (2d Cir. 2000); *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485 (11th Cir. 1997).
[24] *General Trading Inc.*, 119 F.3d at 1501.
[25] *Forever Green Athletic Fields, Inc.*, 500 B.R. at 427.

subjectively evaluating whether the proceedings were interposed for an improper purpose.[26] The Petitioning Creditors are attempting to improperly utilize the Bankruptcy Code and this involuntary case to collect on their arbitration awards. Worden is generally paying his undisputed debts as they come due.

27. In addition to seeking dismissal of the involuntary case as a result of the Petitioning Creditors' bad faith, Worden also seeks an award of sanctions. Section 303(i) of the Bankruptcy Code provides that a putative debtor may be entitled to compensatory damages, punitive damages, and attorney's fees and costs in the event the involuntary petition is dismissed, and the court concludes that the petitioning creditors commenced the case in bad faith. Because the Petition was filed in bad faith regardless of the test that is applied, Worden seeks an award of sanctions against each of the Petitioning Creditors, jointly and severally, and requests that the Petitioning Creditors be required to file a bond pursuant to section 303(e) to indemnify Worden for any amount which may be awarded by the Court.

**(iv) Alternatively, the Court should dismiss or abstain from this involuntary case under section 305 of the Bankruptcy Code.**

28. Each of the four factors courts consider with respect to evaluating whether dismissal or abstention is appropriate under section 305 of the Bankruptcy Code militates in favor of dismissal or abstention from Worden's case. The decision to abstain falls squarely within the discretion of the bankruptcy court.[27]

29. The *Spade* court's analysis of the four factors, specifically (i) the motivation of the parties seeking relief under the Bankruptcy Code, (ii) whether another forum is available to protect the interest of both parties or the existence of a pending proceeding in state court, (iii)

---

[26] *General Trading Inc.*, 119 F.3d at 1502.
[27] *In re Starlite Houseboats, Inc.*, 426 B.R. 375 (Bankr. D. Kansas 2010); *ELRS Loss Mitigation, LLC*, 325 B.R. at 634.

the economy and efficiency in administration, and (iv) the prejudice to the parties, is particularly instructive.[28]

30. In assessing the motivation of the creditor seeking relief, the court carefully considered the circumstances leading up to the filing of the involuntary petition and whether the creditor intended to benefit from a tactical advantage in state court litigation by changing the forum and opening another front for discovery into the putative debtor's affairs.[29] The bankruptcy court concluded the state court was the proper forum because the litigation was in its early stages and the bankruptcy court did not provide any procedural or substantive benefits, other than a chapter 7 trustee, which would simply relieve the creditor of the time and expense of obtaining discovery through the state court proceeding.[30] The *Spade* court recognized that the bankruptcy case did not promote economy and efficiency, as it only added expense to the resolution of a two-party dispute.[31] Because of the stigma associated with the involuntary case and the lack of support from the creditor body, the court also found that the putative debtor and creditor body would be prejudiced by the involuntary case moving forward.[32] After applying and analyzing the four factors, the *Spade* court dismissed the involuntary case under section 305.[33]

31. Likewise, the *ELRS* court also determined abstention would be appropriate, although the court dismissed the involuntary case under section 303.[34] The court was concerned that "[t]he entry of an order for relief would merely shellac this case with another layer of administrative effort and expense."[35]

---

[28] *Spade*, 258 B.R. at 233.
[29] *Id.*
[30] *Id.* at 234-35.
[31] *Id.* at 236.
[32] *Id.* at 237-38.
[33] *Id.*
[34] *ELRS Loss Mitigation, LLC*, 325 B.R. at 634.
[35] *Id.* at 635.

32. Similarly, abstention (or dismissal) under section 305 of the Bankruptcy Code is warranted in this case. It is apparent that the Petitioning Creditors are simply forum shopping and merely attempting to accelerate the state court collection remedies that would otherwise be available to them to the detriment of Worden and his other creditors.

33. Because the arbitration awards involve a number of non-debtor defendants, it is neither efficient nor practical for this Court to attempt to resolve the issues or assist the Petitioning Creditors in their collection efforts, without the risk of inconsistent results or incomplete relief. The involuntary case will only result in additional expense for all parties involved.

**(v) To the extent that the Court does not dismiss the case or abstain, the case should be converted from Chapter 7 to Subchapter V.**

34. Worden satisfies each of the eligibility requirements for Subchapter V. Although Worden surrendered his stockbroker's license, he is currently engaged in commercial and business activities as an agent for a company in the transportation services industry. As of the Petition Date, Worden has noncontingent, liquidated debts of less than $7,500,000.00. The majority of those debts are attributable to the FINRA arbitration awards, which emanate from commercial or business activities.

WHEREFORE, Worden respectfully requests that this Court enter an order (i) dismissing this involuntary Chapter 7 case, (ii) awarding compensatory damages, punitive damages, and attorney's fees and costs under section 303(i) of the Bankruptcy Code against each of the Petitioning Creditors, jointly and severally, (iii) alternatively, abstaining or converting the case to

Chapter 11, Subchapter V, and (iv) granting such other and further relief as the Court deems appropriate.

Dated: Tampa, Florida
July 10, 2023

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida  33601-3913
(813) 224-9255 (telephone)
(813) 223-9620 (fax)
Counsel for Jamie John Worden

By:  */s/ Kathleen L. DiSanto*
Kathleen L. DiSanto
Florida Bar No. 58512
kdisanto@bushross.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2023, I electronically filed a true and correct copy of the foregoing *Worden's Motion to Dismiss Involuntary Chapter 7 Petition or, Alternatively for Abstention or Conversion to Chapter 11, Subchapter V* with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system, and I furnished a copy of the foregoing document(s) to the following parties in the manner of service indicated below:



*/s/ Kathleen L. DiSanto*
ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

United States Trustee
Christopher D. Smith, Sr.
All parties who receive electronic service via the CM/ECF system